## JOHN E. BURNHAM *v.* MELVIN J. BURNHAM.

[No. 76, October Term, 1927.]

*Decided January 20th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Abram C. Joseph,* with whom were *Daniel C. Joseph* and *John J. Timanus* on the brief, for the appellant.

*Henry H. Dinneen,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

Appellant was found guilty of contempt of court for an alleged violation of a decree of the Circuit Court for Baltimore County and fined twenty-five dollars. This appeal is from that order.

Appellant and appellee were formerly partners in the ice business, for which receivers were appointed on a bill filed by appellee. The receivers sold the property, trade routes, and good will of the business, and appellee became the pur- chaser. Subsequently a bill for injunction was filed by appellee to restrain appellant from continuing the ice busi- ness on the trade routes sold to appellee. The court passed a decree by which appellant was restrained and enjoined from further "soliciting, selling or delivering any ice to any one of the customers who prior to the sixth day of May, 1926, were the customers of the ice manufacturing business of the said partnership, * * * including all individuals and other purchasers of ice whose residence or place of business were upon the customer's routes served either by the said Melvin J. Burnham or John E. Burnham prior to the sixth day of May, 1926. It being the intended purpose of this decree in no manner to affect the right of the said John E. Burnham to conduct the ice business in Baltimore County or elsewhere, so long as he refrain from inviting, soliciting, or selling any of the customers on the aforesaid trade routes, or soliciting them to deal with any ice manufacturer or vendor other than the said Melvin J. Burnham." On appeal from said decree, this court said: "Construing this decree to mean that John E. Burnham shall refrain from soliciting and selling, on said trade routes, ice to the former customers thereon of said firm, we find no error in said decree." And on June 8th, 1927, it was affirmed on that construction of its meaning. *Burnham v. Burnham,* 153 Md. 147.

Subsequently, on June 14th, 1927, appellee filed a petition reciting the former decree of the circuit court; alleging that said decree "was in all respects affirmed" on appeal; "that the said John E. Burnham, despite the fact that his counsel had been informed of the action of the Court of Appeals and of the transmission of its mandate to this court as aforesaid, continues to sell and deliver ice to individuals residing in Baltimore County who, prior to the 6th day of May, 1926, were customers of the said partnership known as Melvin J.

Burnham & Brother, in violation of the aforesaid decree of this court of the 20th day of October, 1926, so affirmed by the Court of Appeals." The prayer of the petition is that the said John E. Burnham be cited to show cause why he should not be punished for contempt in refusing to comply with "the aforesaid decree of this court," that a mandatory order be issued requiring him to desist from the violation of said decree, and for further relief.

In our order affirming the decree appealed from we were careful to construe the word "or" in that decree to mean "and" so that the injunction was held to be not from soliciting *or* selling, but from soliciting *and* selling. In other words selling and delivering to former customers was not a violation of the injunction, unless it involved solicitation. The court passed an order on the petition requiring appellant to show cause why he should not be punished as for contempt. Whereupon an answer was filed in which appellant denied that he had violated the decree of the circuit court as affirmed by the Court of Appeals.

In the testimony offered by appellee, it was shown that, since the date of the decree and its affirmance, appellant had been selling and delivering ice to the former customers of the former partnership on the route which he had formerly served. Appellant testified that he had not at any time since the date of the decree solicited any customers of the former partnership. On cross-examination he was asked: "Q. What do you mean by soliciting? A. Well, to get him to buy from me. Q. These former customers that are served by you were served before you and your brother had any trouble, right along? A. Oh, yes. Q. Hadn't been necessary to ask them? A. They knew of the case here and they said Melvin had been around to see them, and they said, 'You needn't worry, we will buy from you.' Q. In other words, your customers said they would continue to buy from you? A. Exactly. Q. Did you ask them if they were going to continue to buy from you or not? A. No, indeed. Q. They just volunteered that information? A. Exactly. Q. As a

matter of fact it hasn't been necessary for you to solicit any of these customers of yours? A. No, sir; it has not. Q. You go there and deliver a certain quantity of ice on certain days of the week? A. Exactly. Q. Do you ask them how much they want? A. No, I don't ask them how much they want. Q. How do you find out? A. They tell me. Q. Without your saying anything? A. Yes, sir. Q. Do you go up and say, Do you want some ice? A. No, indeed. Q. What do you say? What do you say to these customers here? A. I stop there every day anyhow." Appellant admitted that he was delivering ice regularly to practically the same customers on that route whom he was delivering to before the injunction was granted.

This case really seems to turn on the meaning of what appellant testified his customers told him, viz.: "You needn't worry, we will buy from you." Without this testimony it seems quite clear that, notwithstanding appellant's testimony that he had not solicited any one, and although he may not have done so in words, his conduct in stopping in front of the homes on the route would amount to soliciting by act.

If the words quoted can properly be interpreted as amounting to an order to deliver ice at these homes regularly, his stopping at the homes of such people as made the request would not amount to solicitation on his part. But if what was said simply signified a willingness to buy from him if he continued on the route, then he was not justified in stopping at the houses on the route, and his so doing amounted to solicitation. He did not have to have a request from all the people on the route to justify him in going there. If any one requested him to deliver ice to him, he could go there for that purpose, but in such case he could not uninvited stop before other homes on the route.

We do not think the words quoted indicate with sufficient clearness, that they were intended as orders to deliver ice, to warrant this court in saying that they relieved the acts of appellant of the meaning they would have in the absence of such expression. Nor is our conclusion controlled by the

reason which the chancellor gave for his decision. The question is, Was the decree supported by the case as made out?

The court said: "Mr. Dinneen, to shorten the matter, he has already said that he delivered ice to the people on the route that they had before this decree. I think that's sufficient."

A possible inference from this statement of the court is that the chancellor thought a sale even without solicitation was sufficient to constitute a violation of the injunction. On the other hand he might have meant that, without satisfactory proof of the absence of solicitation in fact, it would be inferred from the delivery. Delivery would not, of course, constitute a violation of the decree as construed by this court, if such delivery were on the order of former customers without any solicitation by word or act on the part of appellant; and if he stopped only at houses where he had been requested to deliver ice.

*Order affirmed, with costs to appellee.*